01

02

03

04

05                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
06                              AT SEATTLE

07  JOSEPH D'ATTILI,                      )
                                          )    CASE NO. C13-2106-RAJ-MAT
08           Plaintiff,                   )
                                          )
09        v.                              )    REPORT AND RECOMMENDATION
                                          )    RE: SOCIAL SECURITY DISABILITY
10  CAROLYN W. COLVIN, Acting             )    APPEAL
    Commissioner of Social Security,      )
11                                        )
             Defendant.                   )
12  _____ )

13          Plaintiff Joseph D'Attili proceeds through counsel in his appeal of a final decision of the

14  Commissioner of the Social Security Administration (Commissioner).   The Commissioner

15  denied plaintiff's application for Supplemental Security Income (SSI) after a hearing before an

16  Administrative Law Judge (ALJ).   Having considered the ALJ's decision, the administrative

17  record (AR), and all memoranda, the Court recommends this matter be REMANDED for

18  further administrative proceedings.

19                        **FACTS AND PROCEDURAL HISTORY**

20          Plaintiff was born on XXXX, 1965.[1]   He has a college degree in theater arts, and

21

22          1 Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of
    Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case

REPORT AND RECOMMENDATION
PAGE -1

01   previously worked in general merchandise sales, as a cashier, and as a retail manager.   (AR

02   28-31, 45.)

03       Plaintiff protectively applied for SSI in April 2011, alleging disability beginning

04   January 1, 2008.   (AR 152-60.)   His application was denied initially and on reconsideration,

05   and he timely requested a hearing.

06       On July 25, 2012, ALJ M.J. Adams held a hearing, taking testimony from plaintiff and a

07   vocational expert (VE).   (AR 25-49.)   On September 10, 2012, the ALJ issued a decision

08   finding plaintiff not disabled.   (AR 9-20.)

09       Plaintiff timely appealed.   The Appeals Council denied review on September 20, 2013

10   (AR 1-5), making the ALJ's decision the final decision of the Commissioner.   Plaintiff

11   appealed this final decision of the Commissioner to this Court.

12                                   **JURISDICTION**

13       The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

14                                   **DISCUSSION**

15       The Commissioner follows a five-step sequential evaluation process for determining

16   whether a claimant is disabled.   *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).   At step one, it

17   must be determined whether the claimant is gainfully employed.   The ALJ found plaintiff had

18   not engaged in substantial gainful activity since the April 27, 2011 application date.   *See* 20

19   C.F.R. § 416.335 (SSI "is not payable prior to the month following the month in which the

20   application was filed").   At step two, it must be determined whether a claimant suffers from a

21   severe impairment.   The ALJ found plaintiff's affective disorder and anxiety disorder severe.

22   _____

Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

01   Step three asks whether a claimant's impairments meet or equal a listed impairment.   The ALJ

02   found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

03         If a claimant's impairments do not meet or equal a listing, the Commissioner must

04   assess residual functional capacity (RFC) and determine at step four whether the claimant has

05   demonstrated an inability to perform past relevant work.   The ALJ found plaintiff had the RFC

06   to perform the full range of work at all exertional levels, but with nonexertional limitations.

07   He concluded plaintiff could perform adequately the mental activities generally required by

08   competitive, remunerative work as follows:   he can understand, remember, and carry out

09   simple instructions required of jobs at a level of SVP 1 and SVP 2, or unskilled work; he would

10   have average ability to perform sustained work activities, that is, he can maintain attention and

11   concentration, persistence, and pace in an ordinary work setting on a regular and continuing

12   basis for eight hours a day, five days a week, or equivalent work schedule within customary

13   tolerances of employer's rules regarding sick leave and absence; he can make judgments on

14   simple work-related decisions and can respond appropriately to supervision and coworkers, and

15   deal with changes all within a stable work environment; and he is limited to occasional

16   interaction with the general public.   With this RFC, the ALJ found plaintiff unable to perform

17   past relevant work.

18         If a claimant demonstrates an inability to perform past relevant work or has no past

19   relevant work, the burden shifts to the Commissioner to demonstrate at step five that the

20   claimant retains the capacity to make an adjustment to work that exists in significant levels in

21   the national economy.   The ALJ concluded, with consideration of the Medical-Vocational

22   Guidelines and the assistance of the VE, that plaintiff could perform other jobs existing in

01  significant levels in the national economy, such as work as a cleaner, hospital cleaner, and

02  dishwasher.  The ALJ, therefore, concluded plaintiff was not disabled at any time since the

03  April 27, 2011 application date.

04       This Court's review of the final decision is limited to whether the decision is in

05  accordance with the law and the findings supported by substantial evidence in the record as a

06  whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means

07  more than a scintilla, but less than a preponderance; it means such relevant evidence as a

08  reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881

09  F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which

10  supports the final decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278

11  F.3d 947, 954 (9th Cir. 2002).

12       Plaintiff argues the ALJ failed to properly consider the opinions of the State agency

13  medical consultants and requests remand for further administrative proceedings.  The

14  Commissioner maintains the ALJ's decision has the support of substantial evidence and should

15  be affirmed.

State Agency Medical Consultants

17       Dr. Jan Lewis, in May 2011, assessed plaintiff as not significantly limited in relation to

18  short and simple instructions and decisions, moderately limited in most other respects, and

19  markedly limited in his ability to carry out detailed instructions and to interact appropriately

20  with the general public.  (AR 56-58.)  In the narrative explanations of her findings, Dr. Lewis

21  noted plaintiff's cognitive functioning was grossly intact on exam, that his severe depression

22  and anxiety would interfere with his ability to perform complex tasks, and that he is

REPORT AND RECOMMENDATION
PAGE -4

01 consistently noted as tearful on examination, with quite limited activities of daily living and

02 poor grooming noted.  (AR 57.)  Dr. Lewis found plaintiff too anxious to work with the

03 public, and stated: "[t]earful (would distract coworkers)", while noting a September 2010

04 record describing plaintiff as having good eye contact and cooperative.  (AR 58.)  Dr. Lewis

05 also, in relation to moderate or no limitations assessed in adaptation, stated:  "Indecisive.  Can

06 be 'frozen' at times but can adapt when he calms down.  Would be overwhelmed in a

07 fast-paced environment but can function and adapt within a slow-paced routine."  (*Id.*)

08        Dr. Vincent Gollogly, in August 2011, assessed almost identical limitations.  (AR

09 67-69.)  Dr. Gollogly also retained the narrative explanations of Dr. Lewis, while adding, in

10 relation to concentration and persistence:  "His [symptoms] may wax and wane but he is

11 capable of maintaining attention performing [simple repetitive tasks]."  (AR 68.)  He also

12 added in relation to social interaction:  "Would do best working on his own."  (*Id.*)

13        Plaintiff notes the ALJ's assignment of "great weight" to the opinions of Drs. Lewis and

14 Gollogly.  (AR 17.)   He contends the RFC assessed by the ALJ conflicted with the opinions of

15 these physicians in failing to include any limitations in his ability to deal with coworkers and

16 the need to work alone, in allowing him occasional contact with the general public, and in

17 failing to include a limitation to a slow-paced work environment.   He argues reversible error in

18 the failure to give any reasons for the rejection of these opinions.   *See* 20 C.F.R. § 927(e) (ALJ

19 must consider and explain the weight afforded to opinions of State agency consultants); Social

20 Security Ruling (SSR) 96-6p ("If the RFC assessment conflicts with an

21 opinion from a medical source, the adjudicator must explain why the opinion was not

22 adopted."); *Sawyer v. Astrue*, No. 07-35078, 2008 U.S. App. LEXIS 27247 at *2-3 (9th Cir.

REPORT AND RECOMMENDATION
PAGE -5

01  Dec. 12, 2008) (finding ALJ failed to consider findings of state agency consultants "because he

02  was mistaken as to what their findings were."; "Although the ALJ noted that he agreed with the

03  limitations assessed by the state agency consultants, his RFC assessment did not accurately

04  include the limitations found . . . and his decision did not otherwise explain the weight he gave

05  these opinions.")   Plaintiff asserts this error impacted the ALJ's step five conclusion given the

06  absence of any such limitations in the RFC and hypothetical question proffered to the VE, and

07  points to medical evidence of record as supporting the limitations in question.   (*See* Dkt. 10 at

08  5-6.)

09          In assigning great weight to the opinions of Drs. Lewis and Gollogly, the ALJ described

10  their opinions that plaintiff could maintain attention and perform simple, repetitive tasks and, in

11  regard to social functioning, was moderately limited, but would perform best working on his

12  own.   (AR 17.)   The ALJ found these opinions consistent with the objective medical

13  evidence, including mental status examinations and treatment notes indicating plaintiff's

14  symptoms are stable/improve with medications.   (*Id*.)   He also found the opinions to correlate

15  with plaintiff's range of activities, "strongly indicating [plaintiff's] mental condition does not

16  preclude unskilled work (e.g. uses public transportation, shops in stores, uses a computer for

17  social networking, volunteer work at museum and interaction with the public)."   (*Id*.)   He

18  further found the opinions to support the mental RFC finding plaintiff "capable of performing

19  unskilled work with occasional public contact."   (*Id*.)

20          The ALJ had also earlier discussed the opinions of Drs. Lewis and Gollogly at step

21  three.   (AR 12-13.)   As the Commissioner observes, the Court properly considers the ALJ's

22  decision as a whole, not solely the consideration of the opinion evidence from Drs. Lewis and

REPORT AND RECOMMENDATION
PAGE -6

01  Gollogly at step four.  *See Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004) ("Because it

02  is proper to read the ALJ's decision as a whole, and because it would be a needless formality to

03  have the ALJ repeat substantially similar factual analyses at both steps three and five, we

04  consider the ALJ's treatment of the record evidence in support of both his conclusions at steps

05  three and five.") (internal citation omitted).  Indeed, "[e]ven when an agency 'explains its

06  decision with "less than ideal clarity,"' we must uphold it 'if the agency's path may reasonably

07  be discerned.'"  *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (quoted sources

08  omitted).  *See also Magallanes*, 881 F.2d at 755 ("As a reviewing court, we are not deprived of

09  our faculties for drawing specific and legitimate inferences from the ALJ's opinion.").

10          In this case, the ALJ directly addressed the opinions of Drs. Lewis and Gollogly as

11  related to plaintiff's ability to interact with the public and coworkers at step three.  (AR 12.)

12  Although inaccurately describing these physicians to have assessed moderate limitations in

13  these areas, as opposed to marked, the ALJ provided an explanation for his rejection of the

14  opinions that plaintiff was "'too anxious to work with the public' and 'would do best working

15  on his own'", stating:  "However, the claimant testified that he volunteers at a museum three

16  days per week, for a couple of hours, 'waiting on customers and running cash register.'

17  Although he added that on some days, he does not go in because of anxiety and depression."

18  (*Id.*)  The ALJ also later found plaintiff's current work at the museum, operating as a cashier

19  and waiting on customers, "inconsistent with allegations of debilitating depression and

20  anxiety/panic attacks, inability to leave the house or interact socially, or inability to

21  concentrate/focus."  (AR 16.)  He concluded plaintiff's "range of activities strongly indicate"

22  his capability of "performing unskilled work limited to simple tasks/instructions and only

REPORT AND RECOMMENDATION
PAGE -7

01 occasional contact with the public."   (*Id.*)

02     The ALJ did, therefore, properly address and provide reasons for rejecting the degree of

03 social limitation opined by Drs. Lewis and Gollogly by pointing to evidence inconsistent with

04 their opinions.   *See*, *e.g.*, *Morgan v. Commissioner of the SSA*, 169 F.3d 595, 601-02 (9th Cir.

05 1999) (ALJ provided sufficient reasons for discounting marked and other limitations assessed

06 by physician with contrary evidence of claimant's activities and abilities).   *See also*

07 *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with the record

08 properly considered in rejection of physician's opinions); *Rollins v. Massanari*, 261 F.3d 853,

09 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was

10 inconsistent with the claimant's level of activity).   To the extent plaintiff suggests a contrary

11 interpretation of the evidence of his work and other activities, he fails to demonstrate the ALJ's

12 interpretation was not equally rational.   *Morgan*, 169 F.3d at 599 ("Where the evidence is

13 susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be

14 upheld.") (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)).   It should also be

15 observed that the ALJ did limit plaintiff to only occasional interaction with the general public,

16 and that both Drs. Lewis and Gollogly assessed only moderate limitations in relation to

17 coworkers, with Dr. Gollogly's additional narrative explanation qualified in stating plaintiff

18 would "do best" working on his own.   (AR 58, 68.)   *Cf. Turner v. Comm'r of Soc. Sec.*, 613

19 F.3d 1217, 1223 (9th Cir 2010) (ALJ need not provide reason for rejecting physician's opinions

20 where ALJ incorporated opinions into RFC; ALJ incorporated opinions by assessing RFC

21 limitations "entirely consistent" with limitations assessed by physician).

22     The ALJ also indicated his consideration of concentration, persistence, and pace at step

REPORT AND RECOMMENDATION
PAGE -8

01  three.   (AR 13.)   Pointing to plaintiff's testimony as to difficulties with memory,

02  concentration/attention, and completing tasks, he stated:   "However, the claimant indicated the

03  ability to complete a range of tasks and activities including fixing his own meals, taking the bus,

04  shopping in stores, using a computer to check Facebook, attending appointments and following

05  the course of treatment[.]   He testified that he volunteers at a museum three days a week for a

06  couple of hours a day."   (*Id.*)   The ALJ observed that Drs. Lewis and Gollogly concluded

07  plaintiff's depression and anxiety would interfere with his ability to perform complex tasks,

08  "however, as his symptoms 'may wax and wane' he is 'capable of maintaining attention

09  performing simple, repetitive tasks.'"   (*Id.*)

10          The ALJ did not, however, at either step three or step four directly address the opinion:

11  "Indecisive.   Can be 'frozen' at times but can adapt when he calms down.   Would be

12  overwhelmed in a fast-paced environment but can function and adapt within a slow-paced

13  routine."   (AR 58, 69.)[2]   Nor did the ALJ include or address any limitation in relation to pace

14  in either the RFC or the hypothetical proffered to the VE.   (*See* AR 13-14, 46-47.)   The ALJ,

15  instead, assessed plaintiff as able to maintain concentration, persistence, and pace in an

16  ordinary work setting on a regular and continuing basis, and relied on VE testimony

17  corresponding to that assessment.   (AR 13-14, 19, 46-47.)

18          The Court, as such, agrees with plaintiff's contention that the ALJ erred in failing to

19

20          2 The physicians included this opinion in the narrative explanation for the moderate adaptation limitations assessed in plaintiff's ability to respond appropriately to changes in a work setting or to set realistic goals or make plans independently of others.   (AR 58, 69.)   An ALJ properly utilizes the narrative portion of the forms completed by the State agency consultants.   *See* Program Operations Manual System (POMS) DI 25020.010 at B.1.   *See also Warre v. Comm'r of Social Sec. Admin.*, 439 F.3d 1001, 1005 (9th Cir. 2006) (Although the POMS "does not have the force of law" it "is persuasive authority.").

REPORT AND RECOMMENDATION
PAGE -9

01  address or provide any reasons for rejecting the opinions of Drs. Lewis and Gollogly that

02  plaintiff would be overwhelmed in a fast-paced environment, but could function and adapt

03  within a slow-paced routine.   *See* SSR 96-8p.[3]   The Court further agrees this error implicates

04  the ALJ's decision at step five.   *Lewis v. Apfel*, 236 F.3d 503, 517-18 (9th Cir. 2001)

05  ("Hypothetical questions asked of the vocational expert must 'set out all of the claimant's

06  impairments.'   If the record does not support the assumptions in the hypothetical, the

07  vocational expert's opinion has no evidentiary value.") (quoting *Gamer v. Secretary of Health*

08  *and Human Servs.*, 815 F.2d 1275, 1278, 1279 (9th Cir. 1987)).

09          Finally, while an error may be deemed harmless where it is "'inconsequential to the

10  ultimate nondisability determination[,]'" *Molina*, 674 F.3d at 1115, the Commissioner fails to

11  identify and the Court does not find support in the record for the conclusion that the outcome of

12  this case would not be altered through the inclusion of the above-described pace limitation in

13  the RFC and VE hypothetical.   There is, for example, no testimony from the VE or clear

14  indication from a review of the Dictionary of Occupational Titles (DOT) that the jobs identified

15  at step five would not be precluded by a limitation to work providing for a slow-paced routine.

16  *See*  DOT  323.687-014  (cleaner),  323.687-010  (hospital  cleaner),  and  318.687-010

17  _____

18          3 "[A]n ALJ's assessment of a claimant adequately captures restrictions related to
    concentration, persistence, or pace where the assessment is consistent with restrictions identified in the
    medical testimony."  *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-75 (9th Cir. 2008).  While, in
    *Stubbs-Danielson*, the Ninth Circuit found no error in the failure to include an assessed pace limitation

19  in the RFC, the facts of that case appear distinguishable.  *See id.* (finding ALJ properly translated pace
    and other limitations identified into "the only concrete restrictions available to him", where a physician,

20  while identifying "'a slow pace, both in thinking & actions'" and other moderate limitations, "ultimately
    concluded [the claimant] retained the ability to 'carry out simple tasks as evidenced by her ability to do

21  housework, shopping, work on hobbies, cooking and reading.'"; also noting the ALJ's rejection of VE
    testimony "that a person with anything more than a mild limitation with respect to pace would be

22  precluded from employment except in a sheltered workshop," given his conclusion that assessment did
    not address the assessed RFC "and did not appear to be based on her individual record as a whole.")

REPORT AND RECOMMENDATION
PAGE -10

01 (dishwasher).  For this reason, and for the reasons stated above, the Court finds this matter

02 should be remanded for further consideration of the opinions of Drs. Lewis and Gollogly as

03 related to pace, and, as needed, for further consideration of the RFC assessment and conclusion

04 at step five.

CONCLUSION

06     This matter should be REMANDED for further administrative proceedings.

07     DATED this 26th day of June, 2014.

08

09

                      Mary Alice Theiler

10                       Chief United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -11